UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| ROBERT SETH DENTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-CV-00059-JRG-CLC |
| | ) | |
| LEE CARSWELL, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

Plaintiff Robert Seth Denton has filed a civil rights complaint pursuant to 42 U.S.C. § 1983, seeking redress for alleged constitutional violations that occurred while he was housed at the Sullivan County Jail in Blountville, Tennessee [Doc. 1]. This matter is before the Court for screening pursuant to the Prison Litigation Reform Act ("PLRA").

### I. SCREENING STANDARDS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe

pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

## II.     ALLEGATIONS OF THE COMPLAINT

Plaintiff alleges that while housed in disciplinary segregation at the Sullivan County Jail, he has been fed inadequate amounts of food on Styrofoam plates, and that the plates are often left in the cell overnight [Doc. 1 p. 3-4]. He claims that he lacks proper access to cleaning supplies in disciplinary segregation, as the rest of the jail gets cleaning supplies twice a day, while inmates in disciplinary segregation only get supplies once a day, and some days the supplies are missed completely [*Id*. at 4]. Plaintiff also asserts that Captain Lee Carswell has threatened him and called him names, and he claims that his placement in disciplinary segregation has caused him to lose commissary, visitation, and phone call privileges [*Id*. at 4-5].

## III.    ANALYSIS

The Court notes that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman* 452 U.S. 337, 349 (1981). Only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" will establish a conditions of confinement claim. *Hudson v. McMillan*, 503 U.S. 1, 8–9 (1992) (citations and quotations omitted). Prison authorities may not, however, "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year." *Helling v. McKinney*, 509 U.S. 25, 33 (1993). In examining such claims, the court must determine whether the risk of which the

plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. at 36 (1993); *see also Rhodes*, 452 U.S. at 347.

First, the Court considers Plaintiff's claim that he is fed inadequately-portioned food on Styrofoam plates that are not timely retrieved after mealtime. The Court finds that there is nothing in Plaintiff's complaint to allow the Court to plausibly infer that the jail's food and how it is served poses an unreasonable risk to Plaintiff's health or safety. *See Cunningham v. Jones*, 567 F.2d 653, 659–60 (6th Cir. 1977) (providing that where a prisoner's diet is sufficient to sustain the prisoner's good health, no constitutional right has been violated). Accordingly, these allegations fail to state a claim upon which relief may be granted under § 1983.

Second, the Court finds that Plaintiff's allegations regarding his limited access to cleaning supplies fails to state a claim upon relief may be granted under § 1983, as he has not set forth any facts that would allow the Court to infer that once daily access to cleaning supplies is a risk that society refuses to tolerate.

Third, the Court finds that Plaintiff's allegation that Defendant Carswell has threatened him and called him names is insufficient to state a claim upon which relief may be granted under § 1983, as verbal abuse and/or harassment alone does not violate the Eighth Amendment. *See Ivey v. Wilson*, 82 F.2d 950, 954-55 (6th Cir. 1987).

Next, the Court finds that Plaintiff's allegation that his placement in disciplinary segregation has caused him to lose visitation, commissary, and telephone privileges, fails to state a claim under § 1983, as prisoners have no protected interest in such privileges. *See, e.g.,*

*Daugherty v. White*, No. 5:17-CV-P141-TBR, 2017 WL 5969156, at *3 (W.D. Ky. Nov. 30, 2017) (collecting cases).

Finally, the Court notes that under the PLRA, a lawsuit brought by an institutionalized person requires a "physical" injury to permit recovery. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). The physical injury need not be significant, but it must be more than *de minimis* for an Eighth Amendment claim to proceed. *See Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). Plaintiff has not alleged any physical injury as a result of the constitutional violations alleged in the complaint, and therefore, recovery is not permitted under the PLRA.

## IV. CONCLUSION

As stated above, Plaintiff's complaint fails to state a claim for relief under § 1983, and Plaintiff fails to allege a personal injury to satisfy the requirement of 42 U.S.C. § 1997e(e). Therefore, this action will be **DISMISSED WITH PREJUDICE**. Further, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE